**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 26, 2022**

# In the Court of Appeals of Georgia

A22A0972. BROWN et al. v. BROWN.

REESE, Judge.

In this debt-collection action, William Brown and Adam Palmer (the "Appellants"), the former and current trustees of the MSB Flyer Trust, SBB Flyer Trust, and TAB Flyer Trust (collectively, the "Brown 2003 Trusts")[1] appeal from the trial court's grant of summary judgment in favor of Scott Brown, the trustee of the Sol Brown Revocable Trust. The trial court found that Scott Brown could collect on debts owed by the Brown 2003 Trusts. On appeal, the Appellants argue that Solomon and Joann Brown, the original makers of the debt between the trusts, never intended to

---

[1] After William Brown filed a notice of appeal in the trial court, he sought in the trial court to add Adam Palmer as a party, as successor trustee to the Brown 2003 Trusts. The trial court granted that motion, and we subsequently granted William Brown's motion to add Adam Palmer as an appellant to this appeal.

collect on the notes, and thus there was an issue of material fact as to their waiver of the right to collect on the debt. For the reasons set forth infra, we affirm.

Viewed in the light most favorable to the Appellants, as the nonmoving party below,[2] the record shows the following. Solomon and Joann Brown established the Brown 2003 Trusts for the benefit of their three sons — Michael Brown, Scott Brown, and Todd Brown. Solomon and Joann Brown each owned a 49.5 percent limited partnership interest (for a total of 99 percent) in Flyer Ventures Limited Partnership ("Flyer Ventures"). In 2003, they conveyed the Flyer Building, a commercial real estate asset located in Miami, to Flyer Ventures.

Later in 2003, the then-trustees of the Brown 2003 Trusts — Joann Brown and Mark Deutsch — executed partnership purchase agreements by which the Brown 2003 Trusts purchased Solomon and Joann Brown's 99 percent interest in Flyer Ventures. In exchange, Solomon and Joann Brown each received promissory notes from the Brown 2003 Trusts in the principal amount of $1,358,676 (for a total of $2,717,352) and security interests in Flyer Ventures. The notes provided that failure to insist on strict compliance did not waive Solomon and Joann Brown's rights under

---

[2] See *GEICO Gen. Ins. Co. v. Breffle*, 355 Ga. App. 276, 277 (844 SE2d 179) (2020).

the notes, and that any waiver had to be in writing. In 2016, Solomon and Joann Brown transferred their rights under the promissory notes and security agreements to the Sol Brown Revocable Trust.

Solomon Brown died in September 2018, and Scott Brown became the trustee of the Sol Brown Revocable Trust. In November 2018, Scott Brown, as trustee of the Sol Brown Revocable Trust, sued William Brown, as trustee of the Brown 2003 Trusts. Scott Brown sought to collect on the promissory notes and security agreements issued by the Brown 2003 Trusts. He filed a motion for summary judgment, contending that the Brown 2003 Trusts never made any payments under the promissory notes and were in default.

William Brown filed an affidavit by Michael Brown in response to Scott Brown's claims. In the affidavit, Michael Brown attested that Solomon and Joann Brown had told him that they never intended to enforce or collect on the promissory notes. Rather, the notes were estate-planning devices, and the couple intended the conveyance to be a gift to the Brown 2003 Trusts.

The trial court rejected William Brown's waiver argument and granted summary judgment in favor of Scott Brown. Applying Florida law,[3] the trial court found that there was not a genuine issue of material fact as to whether Solomon and Joann Brown waived their rights to collect under the notes. This appeal followed.

"We review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant. Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law."[4] Like the trial court, we apply Florida law because neither party disputes the enforceability of the Florida choice-of-law provisions. With these guiding principles in mind, we now turn to the Appellants' claims of error.

The Appellants argue that Michael Brown's affidavit was evidence of Solomon and Joann's Brown waiver of their right to collect on the notes, and thus the affidavit created a genuine issue of material fact precluding summary judgment.

---

[3] The promissory notes and security agreements contained Florida choice-of-law provisions, and neither party disputes the enforceability of those provisions on appeal.

[4] *Breffle*, 355 Ga. App. at 277.

4

"Waiver is the intentional or voluntary relinquishment of a known right, or conduct which warrants an inference of the relinquishment of a known right."[5]

> The elements of waiver are: (1) the existence at the time of the waiver of a right, privilege, advantage, or benefit which may be waived; (2) the actual or constructive knowledge of the right; and (3) the intention to relinquish the right. Waiver may be implied by conduct, but that conduct must make out a clear case. The burden of proving the affirmative defense of estoppel and waiver rests upon the party invoking it.[6]

"The question of waiver is usually one of fact."[7] However, "[m]ere delay is insufficient to support a defense of waiver or estoppel."[8]

While the promissory notes contained an antiwaiver clause, "[a]n antiwaiver clause itself can be waived."[9] In order to enforce an alleged oral modification of a written contract which expressly requires that any modification be in writing, a party must show:

---

[5] *Bd. of County Commrs. v. Intl. Union of Operating Engineers, Local 653*, 620 S2d 1062, 1065 (Fla. App. 1993).

[6] *Goodwin v. Blu Murray Ins. Agency*, 939 S2d 1098, 1104 (Fla. App. 2006) (citations omitted).

[7] *Intl. Union*, 620 S2d at 1065.

[8] *Goodwin*, 939 S2d at 1104.

[9] *Gen. Capital Corp. v. Bio-Mass Tech*, 136 S3d 698, 703 (Fla. App. 2014).

5

(a) that the parties agreed upon and accepted the oral modification (i.e., mutual assent); and (b) that both parties (or at least the party seeking to enforce the amendment) performed consistent with the terms of the alleged oral modification (not merely consistent with their obligations under the original contract); and (c) that due to plaintiff's performance under the contract as amended the defendant received and accepted a benefit that it otherwise was not entitled to under the original contract (i.e., independent consideration).[10]

In these types of cases, courts should generally dispose of the issue as a matter of law.[11] "The parties have dealt with the issue through a provision designed — and intended — to protect them against the risk of being enmeshed in, and harassed by protracted litigation based upon alleged oral modifications and courts should in most cases do no more than enforce the contract as written."[12]

In this case, the Appellants did not present sufficient evidence in order to create a jury question on the issue of waiver. Michael Brown attested that Solomon and Joann Brown had told him that the couple never intended to collect on the notes and

---

[10] *Okeechobee Resorts v. E Z Cash Pawn*, 145 S3d 989, 995 (Fla. App. 2014) (emphasis omitted).

[11] See id at 993.

[12] Id. (citations and punctuation omitted).

intended to forgive any repayment obligation. However, such statements are not sufficient to orally modify the notes — there was no additional consideration, and the couple did not act in a way that was consistent with the alleged oral modification.[13] Indeed, 13 years after the creation of the notes, the couple transferred their interests in the notes to the Sol Brown Revocable Trust. Such actions are inconsistent with waiver.[14] Accordingly, the trial court did not err in granting summary judgment in favor of Scott Brown.[15]

The Appellants contend that, because a waiver is not a modification, we should not apply Florida's three-part test with respect to modifications cited supra. Even assuming arguendo that this is the case, despite the fact that the agreements contained an antiwaiver clause, the Appellants still must demonstrate that Solomon and Joann

---

[13] See *Okeechobee Resorts*, 145 S3d at 995.

[14] See *Arvilla Motel v. Shriver*, 889 S2d 887, 892 (Fla. App. 2004) (holding that the party's conduct failed to demonstrate a clear case of waiver).

[15] See *Coral Reef Drive Land Dev. v. Duke Realty Ltd. Partnership*, 45 S3d 897, 902 (Fla. App. 2010) (holding that there was no effective oral modification where there was no additional consideration for the modification); *Davidpur v. Counne*, 972 S2d 891, 892 (Fla. App. 2007) (same); *Arvilla Motel*, 889 S2d at 891-892 (holding that there was no effective oral modification where there was no clear agreement between the parties).

7

Brown's conduct showed a "clear case[ ]" of waiver.[16] As noted above, the couple's transfer of their interest in the notes to the Sol Brown Revocable Trust was inconsistent with waiver and does not demonstrate a clear case. Additionally, "[m]ere delay is insufficient to support a defense of waiver or estoppel."[17]

Finally, the Appellants argue that, because the promissory notes were not arms-length transactions, the notes "warranted extra scrutiny . . . when evaluating Appellant's defenses to payment on the [n]otes and whether there were questions of fact regarding express and implied waiver of any obligation to pay off the [n]otes." However, the Appellants did not cite any legal authority in support of this argument.[18] While the Appellants contend that the notes were simply estate-planning devices and that the couple never had any intent to collect on the notes, "evidence of the unilateral secret intent of a party to a written instrument is in and of itself immaterial to the

---

[16] See *Goodwin*, 939 S2d at 1104; see also *Gilman v. Butzloff*, 22 S2d 263, 265 (Fla. 1945) ("It is necessary that the acts, conduct or circumstances relied upon to show waiver should make out a clear case.").

[17] *Goodwin*, 939 S2d at 1104.

[18] See *Langford v. Dept. of Community Health*, 363 Ga. App. 121, 123 (871 SE2d 26) (2022) (deeming a claim of error abandoned where the appellant failed to cite any legal authority in support thereof); see also Court of Appeals Rule 25 (d) (1) ("Any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned.").

actual creation of a contract."[19] Rather, "where an agreement is unambiguous, as is the case here, we enforce the contract as written, no matter how disadvantageous the language might later prove to be."[20]

For these reasons, we affirm.

*Judgment affirmed. Doyle, P. J., and Senior Appellate Judge Herbert E. Phipps concur.*

---

[19] *Gendzier v. Bielecki*, 97 S2d 604, 609 (Fla. 1957).

[20] *Idearc Media Corp. v. Friedman*, 985 S2d 1159, 1162 (Fla. App. 2008) (citation and punctuation omitted).